# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

**OBADIAH FRANCOIS**                                        **CIVIL ACTION**

**VERSUS**                                                          **NO. 14-337**

**JEFFERSON PARISH et al.**                              **SECTION: "G"(1)**

## ORDER AND REASONS

In this litigation, *pro se* plaintiff Obadiah Francois seeks relief from defendants Rafael F. Salcedo, Richard W. Richoux, and Jefferson Parish arising from his alleged diagnosis with "grandiose and paranoid delusions" following an examination conducted at the Jefferson Parish Correctional Center. Presently before the Court are motions to dismiss filed by Defendants Jefferson Parish and Richoux, to which no opposition has been filed.[1] Having reviewed the pleadings, the motions, the memoranda in support, and the applicable law, the Court will grant-in-part and deny-in-part the pending motions, dismissing Francois's claims against Jefferson Parish and Salcedo pursuant to Federal Rule of Civil Procedure 12(b)(6), and dismissing Francois's claims against Richoux pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Since Francois has failed to state a claim against any Defendant, the Court will also deny as moot Francois's pending "Motion for Summary Judgment."[2]

## I. Background

### A.    *Factual Background*

In his complaint, Francois alleges that defendants Rafael F. Salcedo and Richard W. Richoux

---

[1] Rec. Doc. 26; Rec. Doc. 36.

[2] Rec. Doc. 23.

examined him on October 23, 2013 at Jefferson Parish Correctional Center and, on the basis of that examination, diagnosed him with "grandiose and paranoid delusions."[3] This diagnosis, according to Francois, was a "negligent diagnostic error" that caused pain and suffering, mental anguish, emotional distress.[4] Francois maintains that these defendants' alleged error caused "breach of confidentiality, defamation of character," and "falsifying the facts."[5]

### B.    Procedural Background

On February 12, 2014, Francois filed a complaint against Salcedo, Richoux, and Jefferson Parish, alleging negligence and violations of his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution.[6] Francois requests the formation of a medical review panel, "$200 for [the] medical review panel," an award of damages, and costs.[7]

On February 20, 2014 Francois filed a "Motion to Suppliment Complaint to Add Attachments," in which he attaches what appears to be a letter from James Brad McConville, M.D. to Judge Roy M. Cascio of the Second Parish Court, Parish of Jefferson.[8] On March 6, 2014, Francois filed another motion to supplement his complaint, in which he demands $500,000 from "Rafael F. Salcedo-Ace American Insurance Company" and $500,000 from "Richard W. Richoux-Nautilus Insurance Company," and states that Salcedo and Richoux are "being reported as qualified for acts of medical malpractice under the provisions of La. R.S. 40:1299.41 et seq. for the above

---

[3] Rec. Doc. 1 at p. 2.

[4] Id.

[5] Id.

[6] Id. at pp. 1–2.

[7] Id.

[8] Rec. Doc. 5 at p. 1. The Court granted Francois's motion on February 24, 2014. Rec. Doc. 6.

referenced claim. Eighth Amendment Violation."[9]

On April 3, 2014, Richoux moved to dismiss Francois's claim against him due to improper service.[10] On April 4, 2014, Salcedo moved to dismiss Francois's case based on absolute immunity or, alternatively, prematurity.[11] Francois filed an opposition to both motions on April 7, 2014.[12] Francois moved for summary judgment on April 9, 2014,[13] and, with leave of Court, filed a third "supplemental" complaint demanding $500,000 from Jefferson Parish on April 11, 2014.[14] On April 11, 2014, Salcedo again moved to dismiss Francois's amended complaint based on absolute immunity or, alternatively prematurity.[15] On April 22, 2014, Richoux and Salcedo filed oppositions to Francois's motion for summary judgment.[16] On August 28, 2014, Jefferson Parish filed a motion to dismiss for failure to state a claim and for lack of subject matter jurisdiction.[17] That motion was submitted on October 15, 2014 without opposition from Francois. Salcedo's re-urged motion to dismiss is also unopposed. On December 29, 2014, with leave of Court, Salcedo filed a "Supplemental Memorandum" in support of his motion, in which he "supplements the arguments made for dismissing him from this case with the Order and Reasons issued in the *Matthias Francois*

---

[9] Rec. Doc. 7 at p. 1. The Court granted Francois's motion on March 6, 2014. Rec. Doc. 8.

[10] Rec. Doc. 16.

[11] Rec. Doc. 18.

[12] Rec. Doc. 22.

[13] Rec. Doc. 23.

[14] Rec. Doc. 25.

[15] Rec. Doc. 26.

[16] Rec Doc. 32; Rec. Doc. 33.

[17] Rec. Doc. 36.

case," decided on December 12, 2014, by Section "C" of this Court, because "the two cases are almost factually identical."[18]

## II. Parties Arguments

Since Francois filed his third "supplemental" complaint, Jefferson Parish and Richoux have filed motions to dismiss.[19] The Court will address both motions here.

### A.     *Jefferson Parish's Motion*

In its "Rule 12(b)(1) Motion to Dismiss Amended Complaint and, in the Alternative, Rule 12(b)(6) Motion to Dismiss Amended Complaint,"[20] Jefferson Parish contends that Francois's claims against it should be dismissed because: (1) although Francois asserts constitutional violations, the pleadings show a state-law tort claim, but no constitutional claims, warranting dismissal for lack of subject-matter jurisdiction;[21] and (2) Francois's claims arise under the Louisiana Medical Malpractice Act, which only permits him to seek relief from a "health care provider," a statutorily defined term which does not include Jefferson Parish, and otherwise lack "factual content that would allow this Court to draw the reasonable inference that Jefferson Parish is liable for the conduct alleged," warranting dismissal for failure to state a claim.[22]

### B.     *Salcedo's Motion*

In his re-urged "Rule 12(b)(6) Motion to Dismiss Amended Complaint Based on Absolute

---

[18] Rec. Doc. 42 at p. 2.

[19] Rec. Doc. 26; Rec. Doc. 36.

[20] Rec. Doc. 36.

[21] Rec. Doc. 36–1 at p. 4.

[22] *Id.* at pp. 7–8.

Immunity, Alternatively, Prematurity,"[23] Salcedo argues that: (1) as a court-appointed expert, he is entitled to absolute immunity from claims arising from his work in his capacity as an expert, warranting dismissal of Francois's claims with prejudice; and (2) Francois's malpractice claim against him should be dismissed as premature, since he filed it before seeking review by a medical review panel, as is required under Louisiana law.[24]

### III. Law and Analysis

As an initial matter, the Court notes that Jefferson Parish's motion to dismiss was set for submission on October 15, 2014.[25]  Pursuant to Local Rule 7.5 of the Eastern District of Louisiana, "[e]ach party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date." Francois has not filed any opposition to the motion. " Likewise, Salcedo's re-urged motion was set for submission on April 30, 2014. Francois has not filed an opposition to the motion. Although failure to respond to a motion will be considered a statement of no opposition, the court is not required to grant every unopposed motion."[26] Rather, the Court will consider the briefing before it, and, having considered the briefing, will only grant the motion if it has merit.[27]

---

[23] Rec. Doc. 26.

[24] *Id.* at p. 3.

[25] Rec. Doc. 36.

[26] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350 (5th Cir. 1993).

[27] *See John v. State of La. (Bd. of Trustees for State Colleges and Universities)*, 757 F.2d 698, 707–10 (5th Cir. 1985) (holding that the district court erred in granting an unopposed summary judgment without considering whether summary judgment was appropriate); *Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001) (affirming district court's grant of unopposed summary judgment motion based on district court's finding that the motion had merit).

### A.  Rule 12(b)(1)

In its "Rule 12(b)(1) Motion to Dismiss Amended Complaint and, in the Alternative, Rule 12(b)(6) Motion to Dismiss Amended Complaint," Jefferson Parish asserts, in part, that this Court lacks subject matter jurisdiction over Francois's claims. "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[28] This practice "prevents a court without jurisdiction from prematurely dismissing a case with prejudice."[29] Accordingly, the Court will consider Jefferson Parish's jurisdictional arguments first.

### 1.  Legal Standard: Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute."[30] Accordingly, a claim is "properly dismissed for lack of subject-matter jurisdiction when the [C]ourt lacks the statutory or constitutional power to adjudicate" it.[31]

A party may "facially" or "factually" attack the basis of the Court's subject matter jurisdiction on a 12(b)(1) motion.[32] When the moving party makes a "facial attack," it limits its arguments to the four corners of the complaint, and urges the Court "merely to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction, [when] . . . the allegations in

---

[28] *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted).

[29] *In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286–87 (5th Cir. 2012) (citations omitted).

[30] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

[31] *In re FEMA Trailer*, 668 F.3d at 286 (citations omitted).

[32] *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (citations omitted).

his complaint are taken as true for purposes of the motion."[33] When the moving party makes a "factual attack," it goes beyond the pleadings and challenges "the existence of subject matter jurisdiction in fact."[34] Although "the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist,"[35] and dismissal is required "whenever it appears that subject matter jurisdiction is lacking,"[36] a 12(b)(1) motion will be granted only "if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief."[37]

### 2.     Analysis

In the instant motion, Jefferson Parish makes a "facial attack" on Francois's assertion of jurisdiction, focusing exclusively on the pleadings and contending that although Francois asserts violations of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, "the pleadings show no claims arising under these (or any other) Amendments."[38] Rather, Jefferson Parish contends, Francois has asserted state-law tort claims incapable of supporting federal jurisdiction.[39] Since Jefferson Parish makes a "facial attack" on Francois's assertions of federal jurisdiction, the Court will "look and see if plaintiff has sufficiently alleged a basis of subject

---

[33] *Id.* (citations omitted).

[34] *Id.* (citations omitted). In these circumstances, "matters outside the pleadings, such as testimony and affidavits are considered." *Id.* Accordingly, depending on the nature of the arguments raised in a 12(b)(1) motion,"lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts." *In re FEMA Trailer*, 668 F.3d at 287 (citations omitted).

[35] *Ramming*, 281 F.3d at 161 (citations omitted).

[36] *Stockman v. Fed. Election Com'n,* 138 F.3d 144, 151 (5th Cir. 1998) (citations omitted).

[37] *In re FEMA Trailer*, 668 F.3d at 287 (citations omitted).

[38] Rec. Doc. 36–1 at p. 4.

[39] *Id.*

matter jurisdiction, [when] . . . the allegations in his complaint are taken as true for purposes of the motion."[40]

### a.    Negligence Claim

Jefferson Parish first asserts that Francois's cause of action arises under Louisiana law insofar as it asserts claims for "mental anguish," "emotional distress," and "psychological pain and suffering" arising from Francois's examination at the Jefferson Parish Correctional Center.[41]

### i.    Pleadings

In his complaint, Francois cites Louisiana statutes related to medical malpractice[42] and malpractice coverage for state hospitals,[43] and alleges that Salcedo and Richoux misdiagnosed him, causing "pain and suffering damages, breach of confidentiality, defamation of character, [and] falsifying the facts."[44] On this basis, he asserts one claim for negligence against Salcedo and Richoux, and requests that a "Medical Review Panel" award him damages.[45] In a "supplemental" pleading, he demands $500,000 from "Rafael F. Salcedo-Ace American Insurance Company" and $500,000 from "Richard W. Richoux-Nautilus Insurance Company," and states that Salcedo and Richoux are "being reported as qualified for acts of medical malpractice under the provisions of La.

---

[40] *Menchaca*, 613 F.2d at 511.

[41] Rec. Doc. 36–1 at p. 4.

[42] Rec. Doc. 1 at p. 2. Francois cites: LA. REV. STAT. § 40:1299.41(13) (defining "malpractice"); LA. REV. STAT. § 40:1299.41(22) (defining "tort"); LA. REV. STAT. § 40:1299.41(22)(E)(1) (setting forth the procedures for litigating actions arising from bodily injury or wrongful death).

[43] Rec. Doc. 1 at p. 2. Francois cites LA. REV. STAT. § 40:1299.37 (providing, in part, that "Each state owned or state operated hospital in Louisiana may provide medical malpractice coverage to medical doctors, dentists and professional nurses who are employed by such hospital or who donate services free of charge to such hospital or who have personal services contracts with such hospital to provide medical services.").

[44] Rec. Doc. 1 at p. 2.

[45] *Id.*

R.S. 40:1299.41 et seq. for the above referenced claim."[46]  Given that Francois alleges negligence, seeks a medical review panel pursuant to Louisiana law, and asserts that Louisiana statutes govern his action, it is facially apparent that Francois's allegations related to his diagnosis by Richoux and Salcedo sound in Louisiana tort law.[47]

### ii.      Legal Standard

As noted above, Federal courts are courts of limited jurisdiction, and only possess subject matter jurisdiction when so "authorized by Constitution and statute."[48] Absent any other basis for federal jurisdiction, this Court only has subject matter jurisdiction over state law claims pursuant to 28 U.S.C. § 1332. Pursuant to that statute, this Court has original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

### iii.      Analysis

Here, Francois has alleged damages well in excess of $75,000. However, Francois has not alleged the citizenship of any party, let alone diversity of citizenship, as is required under 28 U.S.C. § 1332. Therefore, it is facially apparent that Francois has failed to invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Jefferson Parish's motion therefore has merit insofar as it makes this argument.

---

[46] Rec. Doc. 7 at p. 1. The Court granted Francois's motion on  March 6, 2014. Rec. Doc. 8.

[47] Recently, Section "C" of this Court considered whether nearly identical claims could support federal jurisdiction, and concluded that because the claims "clearly" arose "under state law and not under the Constitution or federal laws," and because "there are not sufficient facts or allegations . . . to indicate that this Court might have diversity jurisdiction," the Court lacked jurisdiction to determine the merits of the plaintiff's claims. *Francois v. Parish*, No. 14-338, 2014 WL 7140206 (E.D. La. Dec. 12, 2014).

[48] *Kokkonen*, 511 U.S. at 377.

### b.   Constitutional Claim

Jefferson Parish also asserts that  Francois's Constitutional allegations are "conjectural, at best, and only raised by Plaintiff in hopes of creating federal question jurisdiction."[49]

### i.   Pleadings

Francois has referenced Constitutional amendments at several points in pleadings.[50] In  his complaint, he lists the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, but alleges only negligence arising from his diagnosis.[51] Moreover, his "supplemental" pleadings reference the Eighth Amendment but are largely incoherent. Specifically, in his first "supplemental" pleading, Francois states:

> Evidence, of malpractice, cruel and unusual punishment, 8th Amendment violation. LCCRP 648 violation. In patient or outpatient treatment shall not exceed sentence. The 60 days was served in J.P.C.C. and addition medical treatment beyond the 60 day sentence. The defendant is inocent [sic] and has not been found guilty.[52]

Attached to this pleading is a report from James Brad McConville detailing his evaluation of Francois, including his conclusion that Francois was competent to stand trial.[53] In his second "supplemental" pleading, Francois alleges malpractice pursuant to La. Rev. Stat. § 40:1299.47(A)(1)(C) and then concludes, with no apparent connection to this claim, "8th Amendment Violation."[54] In his third "supplemental" pleading, Francois  states that he

---

[49] Rec. Doc. 5 at p. 1.

[50] Rec. Doc. 1 at p. 1; Rec. Doc. 5 at p. 1; Rec. Doc. 7 at p. 1; Rec. Doc. 25 at p. 1.

[51] Rec. Doc. 1 at p. 1.

[52] Rec. Doc. 5 at p. 1.

[53] Rec. Doc. 5–1.

[54] Rec. Doc. 7 at p. 1.

demands "$500,000 from Jefferson Parish for the involvement of the Medical Malpractice Misdiagnosis and Eight Amendment violations."[55]

### ii.    Legal Standard

As noted above, Federal courts are courts of limited jurisdiction, and only possess subject matter jurisdiction when so "authorized by Constitution and statute."[56] Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." To determine whether a plaintiff's claims arise under the Constitution or laws of the United States for purposes of 28 U.S.C. § 1331, this Court applies the "well-pleaded complaint rule," which requires that a federal claim "appear[] on the face of the plaintiff's well-pleaded complaint."[57]

### iii.    Analysis

Applying these standards here, and construing Francois's pleadings liberally,[58] the Court finds that a federal claim appears on the face of Francois's complaint. Although Francois makes several bare assertions of Constitutional violations,[59] he also alleges an "8th Amendment violation" based upon being sentenced or detained "in J.P.C.C." for "60 days," and being given "medical treatment beyond the 60 day sentence."[60] Accordingly, a federal claim appears on the face of

---

[55] Rec. Doc. 25 at p. 1.

[56] *Kokkonen*, 511 U.S. at 377.

[57] *Elam v. Kansas City So. Ry.*, 635 F.3d 796, 803 (5th Cir. 2011).

[58] *Erickson v. Pardus*, 551 U.S. 89, 95 (2007) ("A document filed pro se is "to be liberally construed[.]") (citations omitted).

[59] Rec. Doc. 1 at p. 1; Rec. Doc. 7 at p. 1; Rec. Doc. 25 at p. 1.

[60] Rec. Doc. 5 at p. 1.

Francois's complaint, establishing this Court's subject matter jurisdiction over that claim pursuant to 28 U.S.C. § 1331.

### 3.     Subject Matter Jurisdiction

Jefferson Parish's motion has merit to the extent that it asserts that Francois's negligence claim sounds in state law, and is facially insufficient to establish federal diversity jurisdiction. However, the motion lacks merit to the extent that it argues that Francois has failed to invoke the Court's federal question jurisdiction. Since Francois has invoked the Court's federal question jurisdiction, the Court has subject matter jurisdiction over Francois's claims, and its motion will be denied to the extent that it argues otherwise.

### B.     *Rule 12(b)(6)*

Both Salcedo and Jefferson Parish urge the Court to dismiss Francois's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Jefferson Parish asserts that Francois's state-law claim should be dismissed because the claim arises under the Louisiana Medical Malpractice Act, which only permits him to seek relief from a "health care provider," a statutorily defined term that does not include Jefferson Parish.[61] Additionally, Jefferson Parish argues, Francois's claims otherwise lack "factual content that would allow this Court to draw the reasonable inference that Jefferson Parish is liable for the conduct alleged," warranting dismissal for failure to state a claim.[62] Salcedo asserts that Francois's claims should be dismissed because he is absolutely immune from liability as a court-appointed expert,[63] and because Francois's claims are premature.[64]

---

[61] Rec. Doc. 36-1 at pp. 6-7.

[62] *Id.* at p. 7.

[63] Rec. Doc. 26–1 at pp. 3–5.

[64] *Id.* at pp. 6–8.

12

### 1.    Legal Standard

On a motion to dismiss under Federal Rule of Procedure 12(b)(6), the Court's "task . . . is to determine whether the plaintiff stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success."[65] Therefore, the Court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff."[66] However, the Court "need not . . . accept the plaintiff's legal conclusions as true."[67] In order "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[68] A claim is plausible on its face when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[69]

### 2.    Analysis

#### a.    Constitutional Claim

Jefferson Parish denies that Francois has presented a federal issue to this Court in the first instance,[70] let alone stated a viable claim for relief under federal law. As noted above, Francois's first "supplemental" complaint asserts:

> Evidence, of malpractice, cruel and unusual punishment, 8th Amendment violation. LCCRP 648 violation. In patient or outpatient treatment shall not exceed sentence. The 60 days was served in J.P.C.C. and addition medical treatment beyond the 60

---

[65] *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (citations omitted).

[66] *Pub. Employees Retirement Sys. of Miss v. Amedisys, Inc.* 769 F.3d 313, 320 (5th Cir. 2014) (citations omitted).

[67] *Thompson*, 764 F.3d at 502 (citations omitted).

[68] *Amedisys,* 769 F.3d at 320 (citations omitted).

[69] *Thompson*, 764 F.3d at 503 (citations omitted).

[70] Rec. Doc. 36–1 at p. 4.

day sentence. The defendant is inocent [sic] and has not been found guilty.[71]

Based on these allegations, it appears that Francois asserts that he was either sentenced or detained, and then treated for a period of time that exceeded the length of his sentence.

The Fourteenth Amendment's Due Process Clause limits the scope of States' power to commit criminal defendants pending a competency determination,[72] to civilly commit individuals upon their release from prison,[73] or to impose restraints upon civilly committed individuals.[74] However, Francois's allegations, even when construed liberally and taken as true, and even after having been given three opportunities to amend his complaint, lack sufficient factual content to allow the Court to determine in the first instance what standard, if any, governs his allegations. Francois offers no information about when he was allegedly detained or committed, or the circumstances in which he was detained or committed, or the procedures employed, if any, that resulted in his detention or commitment. Francois refers to serving a sentence, but also claims that he has not been found guilty. Without resorting to speculation, the Court is unable to find that Francois's allegations, taken as true, support the reasonable inference that any defendant is liable to Francois for a Constitutional violation. Therefore, Jefferson Parish's motion has merit, to the

---

[71] Rec. Doc. 5 at p. 1.

[72] *See, e.g. Jackson v. Indiana*, 406 U.S. 715, 738 (1972) (holding that "due process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." and that "a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future.")

[73] *See, e.g. Seling v. Young*, 531 U.S. 250, 265 (2001) (concluding that statute authorizing civil commitment of certain sexually violent individuals, in order to "incapacitate and to treat" those individuals, comported with Due Process as long as "that the conditions and duration of confinement under the [statute] bear some reasonable relation to the purpose for which persons are committed.").

[74] *See, e.g. Youngberg v. Romeo*, 457 U.S. 307, 321 (1982) (holding that where a plaintiff alleges that his substantive due process rights have been violated, courts are to ascertain whether a violation has occurred by "balancing [the defendant's] liberty interests against the relevant state interests.").

14

extent that it asserts that Francois has failed to state a Constitutional claim. Since Francois has failed to state a plausible claim for a Constitutional claim against any defendant, even after being given three opportunities to amend his complaint, his complaint will be dismissed with prejudice, insofar as it alleges a violation of his Constitutional rights.

### b.    Negligence Claim

Jefferson Parish and Salcedo assert that Francois's negligence claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Jefferson Parish contends that it may not be held liable under the Louisiana Medical Malpractice Act, and that Francois's negligence claim lacks "factual content that would allow this Court to draw the reasonable inference that Jefferson Parish is liable for the conduct alleged," warranting dismissal.[75] Salcedo contends that he is entitled to absolute immunity as a court-appointed expert, and, in the alternative, that Francois's malpractice action is premature, warranting dismissal.[76]

In his complaint, Francois cites Louisiana statutes related to medical malpractice[77] and malpractice coverage for state hospitals,[78] and alleges that Salcedo and Richoux misdiagnosed him, causing "pain and suffering damages, breach of confidentiality, defamation of character, [and] falsifying the facts."[79] On this basis, he asserts one claim for negligence against Salcedo and

---

[75] Rec. Doc. 36–1 at p. 7.

[76] Rec. Doc. 26–1.

[77] Rec. Doc. 1 at p. 2. Francois cites: LA. REV. STAT. § 40:1299.41(13) (defining "malpractice"); LA. REV. STAT. § 40:1299.41(22) (defining "tort"); LA. REV. STAT. § 40:1299.41(22)(E)(1) (setting forth the procedures for litigating actions arising from bodily injury or wrongful death).

[78] Rec. Doc. 1 at p. 2. Francois cites LA. REV. STAT. § 40:1299.37 (providing, in part, that "Each state owned or state operated hospital in Louisiana may provide medical malpractice coverage to medical doctors, dentists and professional nurses who are employed by such hospital or who donate services free of charge to such hospital or who have personal services contracts with such hospital to provide medical services.").

[79] Rec. Doc. 1 at p. 2.

Richoux, and requests that a "Medical Review Panel" award him damages.[80] He also seeks damages

from Jefferson Parish.[81] Francois appears to allege an act of negligence arising from medical

malpractice. Therefore, the Court will consider whether Francois has alleged a plausible claim under

this theory.

### i.      Legal Standard

The Louisiana Medical Malpractice Act, LA. REV. STAT. § 40:1299.41 *et seq.*, defines

"malpractice" within the meaning of the Act as:

> [A]ny unintentional tort or any breach of contract based on health care or
> professional services rendered, or which should have been rendered, by a health care
> provider, to a patient, including failure to render services timely and the handling of
> a patient, including loading and unloading of a patient, and also includes all legal
> responsibility of a health care provider arising from acts or omissions during the
> procurement of blood or blood components, in the training or supervision of health
> care providers, or from defects in blood, tissue, transplants, drugs, and medicines, or
> from defects in or failures of prosthetic devices implanted in or used on or in the
> person of a patient.

The statute includes both physicians and "psychologists" within its definition of "health care

provider," and defines "health care" as:

> [A]ny act or treatment performed or furnished, or which should have been performed
> or furnished, by any health care provider for, to, or on behalf of a patient during the
> patient's medical care, treatment, or confinement, or during or relating to or in
> connection with the procurement of human blood or blood components.[82]

Additionally, the statute provides that:

> All malpractice claims against health care providers covered by this Part, other than
> claims validly agreed for submission to a lawfully binding arbitration procedure,
> shall be reviewed by a medical review panel established as hereinafter provided for

---

[80] *Id.*

[81] Rec. Doc. 25.

[82] LA. REV. STAT. § 40:1299.41.

in this Section.[83]

The statute imposes a ban on medical malpractice litigation initiated before a claimant

submits his complaint to a medical review panel, providing that:

> No action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section.[84]

Additionally, the statute requires that claimants file requests for medical review panels with the

Louisiana Division of Administration, stating that:

> The request for review of a malpractice claim under this Section shall be deemed filed on the date of receipt of the request stamped and certified by the division of administration or on the date of mailing of the request if mailed to the division of administration by certified or registered mail only upon timely compliance with the provisions of Subparagraph (1)(c) or (d) of this Subsection. Upon receipt of any request, the division of administration shall forward a copy of the request to the board within five days of receipt.[85]

The Louisiana Supreme Court, construing the statute, has held that it requires plaintiffs to

"provoke a medical review panel and receive an opinion from it before he can file suit in a court of

law," and provides that a medical malpractice action commenced "without first filing the claim with

the board for a medical review panel" is "premature."[86] One treatise has observed that when a

---

[83] LA. REV. STAT. § 40:1299.47.

[84] *Id. See also* WILLIAM E. CRAWFORD, 12 LA. CIV. L. TREATISE, TORT LAW § 15:2 (2d ed.) ("no action against a health care provider or his insurer may be begun in any Louisiana court before the claimant's proposed complaint has been presented to a medical review panel consisting of three licensed physicians and one attorney, and an opinion has been rendered by the panel.").

[85] LA. REV. STAT. § 1299.47. *See also* WILLIAM E. CRAWFORD, 12 LA. CIV. L. TREATISE, TORT LAW § 15:2 (2d ed.) ("The medical malpractice claimant initiating the medical review panel process for a claim against a qualified health care provider must first file a request for review of the claim with the Louisiana Division of Administration.").

[86] *LeBreton v. Rabito*, 97-2221, 714 So.3d 1256, 1261-63;1271 (La. 7/8/98); *accord Everett v. Goldman*, 359 So.2d 1256 (La. 1978) (holding that the "patient must provoke a medical review panel and receive an opinion from it before he can file suit in a court of law" and ordering that the defendant's exception of prematurity, premised upon the plaintiffs' failure to request a medical review panel, be sustained.).

plaintiff files a premature medical malpractice claim, that claim is subject to dismissal without prejudice.[87]

### ii.        Analysis

Applying these statutes here, it appears that unintentional tort claims[88] against health care providers, including psychologists and psychiatrists,[89] arising from those providers' acts during care, treatment, or confinement,[90] fall within the scope of the Louisiana Medical Malpractice Act. Francois claims negligence, an unintentional tort, on the part of Richoux and Salcedo (a psychiatrist and a psychologist, respectively), during the course of evaluating Francois.[91] Therefore, as Francois himself asserts, it appears that his allegations fall within the scope of the Louisiana Medical Malpractice Act.

Since Francois's allegations fall within the scope of the Louisiana Medical Malpractice Act, he is required by that Statute to submit a request for review with the Louisiana Division of Administration before commencing litigation in court.[92] In his complaint, he appears to request that this Court order that a medical review panel be formed.[93] Pursuant to LA. REV. STAT. § 1299.47, the Louisiana Division of Administration receives and acts upon requests for review; courts do not.

---

[87] WILLIAM E. CRAWFORD, 12 LA. CIV. L. TREATISE, TORT LAW § 15:2 (2d ed.) ("Failure to have the opinion of the medical review panel prior to filing suit subjects the plaintiff's action to an exception of prematurity. A dismissal for prematurity is without prejudice, as though the suit were never filed, which may subject the action to a valid plea of prescription. The exception of prematurity is not a prerequisite for dismissal.").

[88] LA. REV. STAT. § 40:1299.41.

[89] *Id.*

[90] *Id.*

[91] Rec. Doc. 1 at p. 2.

[92] LA. REV. STAT. § 40:1299.47.

[93] Rec. Doc. 1 at pp. 1–2.

Therefore, this Court is without power to order the formation of a medical review panel. Since Francois alleges that a medical review panel should be formed in the first instance, his allegations, taken as true, demonstrate that he has not taken the initial step required to maintain a malpractice action, making his claim premature and subject to dismissal without prejudice.[94]

Francois would presently be unable to maintain a malpractice action in Louisiana courts, because his claim is premature. Therefore, he has failed to state a claim upon which relief can be granted. Insofar as Jefferson Parish and Salcedo's motions make this argument, the motions have merit. Since Francois's malpractice claim against Jefferson Parish and Salcedo is premature, it will be dismissed without prejudice.[95]

### 3.     Claims Against Richoux

Having determined that Francois has failed to state a claim against Jefferson Parish or Salcedo, the Court will now consider whether Francois's claims against Richoux should also be dismissed. Richoux filed a motion to dismiss based upon improper service,[96] but has not re-urged his motion since Francois filed his third "supplemental" complaint. Nonetheless,  Francois is proceeding *in forma pauperis*, and is therefore subject to the procedures set forth in 28 U.S.C. § 1915. This statute operates to discourage "the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants do not generally initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal

---

[94] LA. REV. STAT. § 40:1299.47. .

[95] Having found that Francois's claims are premature, warranting their dismissal, the Court does not reach Jefferson Parish's argument  that it is not a "health care provider" within the meaning of the statute, or Salcedo's argument that he is absolutely immune from suit.

[96] Rec. Doc. 16.

Rule of Civil Procedure 11."[97]

The *in forma pauperis* statute provides, at § 1915(e)(2)(B)(ii), that "the court shall dismiss the case at any time if the court determines that the action . . . fails to state a claim upon which relief may be granted."[98] The Court may raise this issue *sua sponte*.[99] When determining whether an *in forma pauperis* complaint should be dismissed for failure to state a claim, this Court applies the same standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[100] Francois's allegations against Richoux are identical to his allegations against Salcedo. Having determined that Francois has failed to state a claim against Salcedo, the Court finds, pursuant to 28 U.S.C. § 1915, that Francois's identical allegations against Richoux also fail to state a claim, warranting dismissal of his claims against Richoux pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### 4.      Failure to State a Claim

Francois has failed to state a plausible Constitutional claim against any Defendant. Accordingly, Jefferson Parish and his Constitutional claim will be dismissed with prejudice. Francois has also failed to state a plausible claim for malpractice. Since his malpractice claim is premature, it will be dismissed without prejudice.

### IV. Conclusion

Jefferson Parish has urged this Court to dismiss Francois's claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Because Francois's pleadings

---

[97] *Nietzke v. Williams*, 490 U.S. 319, 327 (1989).

[98] 28 U.S.C. § 1915(e)(2).

[99] *See, e.g. Samford v. Dretke*, 562 F.3d 674 (2009) (affirming district court's *sua sponte* dismissal for failure to state a claim and frivolousness pursuant to 28 U.S.C. § 1915(e)(2)(B)).

[100] *Hale v. King*, 642 F.3d 492, 497 (2011) (citations omitted).

facially allege a violation of his Constitutional rights, the Court has federal question jurisdiction over these claims, pursuant to 28 U.S.C. § 1331. Since the Court has federal question jurisdiction, Jefferson Parish's motion lacks merit to the extent that urges this Court to dismiss Francois's claims for lack of subject matter jurisdiction pursuant Federal Rule of Civil Procedure 12(b)(1), and will be denied.

Jefferson Parish and Salcedo also urge the Court to dismiss Francois's claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). On this point, these motion have merit: Francois has failed to state a claim for violation of his Constitutional rights, and has asserted a negligence claim that is facially premature. The Court will therefore grant the motions, insofar as they seek dismissal of Francois's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

Having determined that Francois has failed to state a claim against Jefferson Parish or Salcedo, the Court, applying 28 U.S.C. § 1915, finds that Francois's identical allegations against Richoux fail to state a claim, warranting dismissal of Francois's allegations against Richoux pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Finally, since Francois has failed to state a claim against any Defendant, his pending "Motion for Summary Judgment"[101] will be denied as moot. Accordingly,

**IT IS ORDERED** that Jefferson Parish's "Rule 12(b)(1) Motion to Dismiss Amended Complaint and, in the Alternative, Rule 12(b)(6) Motion to Dismiss Amended Complaint"[102] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Jefferson Parish's "Rule 12(b)(1) Motion to Dismiss

---

[101] Rec. Doc. 23.

[102] Rec. Doc. 36.

Amended Complaint and, in the Alternative, Rule 12(b)(6) Motion to Dismiss Amended Complaint"[103] is **DENIED** to the extent that it urges this Court to dismiss Francois's claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and **GRANTED** to the extent that it urges this Court to dismiss Francois's claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Francois's Constitutional claim is **DISMISSED WITH PREJUDICE** as to all Defendants, and his premature malpractice claim against Jefferson Parish is **DISMISSED WITHOUT PREJUDICE**.

   **IT IS FURTHER ORDERED** that Salcedo's re-urged  "Rule 12(b)(6) Motion to Dismiss Amended Complaint Based on Absolute Immunity, Alternatively, Prematurity,"[104] is **GRANTED**, since Francois's malpractice claim is premature. Therefore, his malpractice claim against Salcedo is **DISMISSED WITHOUT PREJUDICE**.

   **IT IS FURTHER ORDERED** that Salcedo's prior  "Rule 12(b)(6) Motion to Dismiss Amended Complaint Based on Absolute Immunity, Alternatively, Prematurity,"[105] is **DENIED AS MOOT** to the extent that it seeks dismissal of Francois's claims upon any other basis.

   **IT IS FURTHER ORDERED** that Francois's malpractice claim against Richoux is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[103] Rec. Doc. 36.

[104] Rec. Doc. 26.

[105] Rec. Doc. 18.

22

**IT IS FURTHER ORDERED** that Francois's "Motion for Summary Judgment"[106] is **DENIED AS MOOT**.

      **NEW ORLEANS, LOUISIANA**, this _13th_ day of February, 2015.

*Nannette Jolivette Brown*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---
[106] Rec. Doc. 23.